## Petition for NATURALIZATION of Daniel Joseph REGAN.

United States District Court
S. D. New York.
Aug. 10, 1959.

Thomas A. Church, Naturalization Examiner, Washington, D. C., for United States Department of Justice Immigration and Naturalization Service.

Frank Durkan, New York City, for petitioner.

PALMIERI, District Judge.

1. The petitioner is an alien, a native and citizen of Ireland, now 26 years old, who has resided continuously in the United States since his lawful admission for permanent residence on November 9, 1952.

2. The petitioner filed a petition for naturalization on May 5, 1958.

3. The petitioner applied on June 1, 1953 for relief from training and service in the Armed Forces of the United States on the ground of alienage.

4. The petitioner was relieved from training and service on such ground on June 9, 1953.

5. The petitioner knew that in June 1953 the Armed Forces of the United States were engaged in hostilities in Korea and were suffering casualties.

6. The petitioner understood that by making such application he would be permanently ineligible to become a citizen of the United States.

7. Subsequent to this granted relief, as aforesaid, the petitioner applied for voluntary induction into the Armed Services and did serve honorably in the United States Army from September 24, 1956 until his discharge on September 28, 1957.

8. The petitioner knew that in 1956 the Korean conflict had come to an end and that the Armed Forces of the United States were not engaged in any hostilities.

9. Petitioner's testimony that he applied for the above stated relief only under the direction of his aunt, now deceased, who had threatened that if he did not do so she would have him returned to Ireland, is not credible.

10. The representations made to the Court that the petitioner was lacking in understanding and acted under coercion or threat at the time he filed his application for relief from service are not credible when considered in the light of all the surrounding circumstances, and particularly his age at the time he applied for relief, his ability to comprehend the questions directed to him by the Court, and the intelligent manner in which he testified.

## Conclusions of Law

1. Under Section 315(a) of the Immigration and Nationality Act, 8 U.S. C.A. § 1426(a), the petitioner should not be naturalized.

■ 2. There is insufficient proof to establish that petitioner's application for relief from military service in June 1953 was motivated by coercion, threat or lack of understanding.

■ 3. The petitioner's voluntary induction and service in the Armed Forces of the United States, subsequent to the granted relief, is not a circumstance sufficient to exclude him from the provisions of Section 315 of the Immigration and Nationality Act.

4. The petition is, accordingly, denied.